Good morning. Michael Hoffman on behalf of the defendants. I'd like to reserve three minutes for rebuttal if I may. When a plaintiff exercises his or her right to pursue a strategy and make allegations to hold all of the diverse defendants liable for the entire judgment and accuse them of engaging in all of the wrongful conduct against all of the class members. When they've brought a class action substantially similar to one that was brought, or excuse me, a judgment that was entered just a year earlier. When the case is filed over 300 miles from where the plaintiff lived and worked, and when the plaintiff never retreats from any of these allegations or contentions at a remand proceeding, Congress simply enacted that one of the consequences of that strategy is that a Federal forum may be invoked by the defendants, and that's what happened here. And the district court erroneously placed an onerous burden on the defendants and created a narrow statutory definition to remand this case. The three circuit courts which have looked at the burden of proof, all nine circuit court judges have concluded that the home state exception is just that, an exception to jurisdiction, and under traditional Supreme Court precedent, the burden of proof  If Mr. Serrano has that burden, as we submit, then he clearly loses on this point under any definition of what the primary defendant is, even the district court's own definition. He offered no evidence to substantiate his claim that the two diverse individuals are not primary defendants. If we agreed with your first proposition that the home state exception is an exception as opposed to part of the primary proof on jurisdiction, and if we agreed with that, then we would have to say that the district court had flipped the burden, correct? Correct. But in doing that, if we agreed with you, why wouldn't the appropriate remedy be remand so with the knowing then what the burden is, the plaintiff could proceed to discharge or not discharge that burden? In this instance, Mr. Serrano filed his remand motion before the Abrego decision was issued. So he knew at the time that there was at a minimum disagreement within district courts within the Ninth Circuit as well as outside the Ninth Circuit that the burden of proof may fall upon him. And throughout this proceeding and with the briefing, it was always the defendant's position that he could and should submit whatever opposing evidence he has to justify remand. So in this instance, I think the appropriate remedy would not be another opportunity for Mr. Serrano to submit more evidence, if I understand your proposition. But instead, sometime later in the case, after the court has exercised jurisdiction, he can always challenge the court's jurisdiction under CAFA if the facts are developed otherwise. Well, if he can do that, I guess my question is, if you're correct, why would we go ahead and construe this term of primary defendants when we don't have on appeal the kind of record one might be looking at to benchmark the legal issue against facts? You're saying that the ---- I guess you would say, well, he didn't prove ---- if you're correct, then he didn't prove it and he shouldn't get a remand for that purpose. If there's ---- if the court were to pass on that question as to how primary defendant should be defined, the consequence for this case might be, yes, the court should put the burden on Mr. Serrano and removal was appropriate from that time forward. I think the propriety of defining primary defendant is necessary here because we now have law of the case where the district judge has issued a definition of primary defendant, which defendant submit is erroneous, and we will be back to that definition if a remand motion is brought again. So we don't want to have law of the case when we've had a full and fair opportunity to brief that before the court. And what ---- where do you think the district court went wrong on the definition of primary defendant? The district court specifically declined to look at two elements. First, the purpose of the statute that's laid out in the public law that is a matter of record, that's not somewhat consistent with what is or should be in the legislative history. The district court could look at the findings of Congress that are in the statute and Congress's concern about the burden on interstate commerce. Secondly, which we take exception with in our briefs, is that the propriety of looking at either Senate Report 109-14 or Senate Report 108-123 is not only consistent with existing Ninth Circuit precedent, but in this Court's Abrego decision, in Footnote 9, the Court actually does look at the Senate Judiciary Report from the 108th Congress for guidance. Ultimately, it didn't conclude that that was helpful. But the notion that the district court should categorically refuse to look at these two Senate Judiciary Reports, not as controlling, but just for guidance on developing a definition, and instead should resort to dictionary definitions and that sort of thing without regard to the statute's congressional findings and the history we do have, we submit was inappropriate. Ginsburg. Now, we get into this tug of war that you read in the Supreme Court a lot about, you know, whether you look to the legislative history or not, and, of course, Justice Scalia has some strong views on that point. But it does seem that the Court is fairly clear that if the statute is unambiguous, that it would be appropriate to look at dictionary definitions and the like to assist in interpreting it. Why do you think we would need to go beyond that? I think you have to look at the whole picture to divine the intent of Congress, because that's what all of these tools are for. Can we discern what Congress, how Congress wanted this term to be applied, both looking at other terms in the statute, looking at the available legislative history, looking at the dictionary, perhaps other laws in which this term has been applied? So I can't define it. How would you define it? Primary defendant. I would define it in accordance with the principles that we find in both the congressional findings and in the Senate Judiciary Report, which is if the potential exposure is sufficiently significant to burden interstate commerce such that the diverse defendants will be exposed to substantial liability, or as the report indicates, if they're the target defendant. They're a primary defendant. And in this case we ignore the usual procedure here, though, of you're challenging the burden of proof. If we agree with you, isn't it, wouldn't it be the usual procedure to send the case back to the district court with a, to be approached with a different view of the burden of proof? I don't think so, Your Honor, because. Isn't that the normal way to do things? I can't, I can't speak to that because it hasn't been briefed by the opposition. They haven't really requested a remand. But in this instance, because the standard is preponderance of evidence, you've got to ask, that's not some different burden such as clear and convincing evidence or abuse of discretion or that sort of thing. It's really just a scale. And if the other side purposefully does not submit any evidence and we have the pleading, the pleading itself to benefit from, I don't think there's any point in. Why is it an important issue if you're saying it doesn't, doesn't have any impact? The burden of proof? Yeah. It does in the context of the district court's decision, where the district court kept saying, I'm sorry, defendants, you haven't proven up the content of the plaintiff's allegations here. So it's the burden that was unfairly placed upon the defendants in this case. So I think it does. Can you predict what the result would be if you had a different burden? The evidence before the district court preponderates in favor of the defendants. Here, the district court took the approach that the plaintiff can just remain silent the whole time and that the defendants have some fence that they have to climb over. And in this instance, we not only submit that we climbed that fence, but that if you look at how the evidence preponderates, that removal was appropriate at the time. The opposition brief really tries to tether its position on this burden by an interpretation of the statutory structure, and it relies upon the district court to allow it, which, as we know, the circuit court in Hart rejected. But in terms of this burden of proof and whether one party or one statute is an exception or not, I think the Hart court identifies several parallel statutes. And the best one is the Bankruptcy Statute 1334, which, much like this one, states that the district court shall have original jurisdiction over certain cases. It has a discretionary component which says that the district court may decide in the interest of justice that it should not exercise jurisdiction, and then it says that the court shall not exercise jurisdiction or shall abstain is actually what it says if another forum has jurisdiction. And I think that's a parallel here, because the use of Congress's use of the term declined jurisdiction implies that, in fact, jurisdiction exists under the basic elements of CAFA. A court could acquire jurisdiction, but it should decline to exercise that right of jurisdiction under these conditions because the State forum has a sufficient interest. And I think that's very analogous to the abstain language that's in Section 1334, as well as just the general Colorado River and Younger abstention doctrines, albeit in those cases there's already a State proceeding that exists. Yeah. I would like to reserve the remainder. Thank you. Thiermann. May it please the Court. My name is Mark Thiermann, and I represent the plaintiff. There are two issues that the Blair court decided, burden of proof and the definition of primary defendants. I think the burden of proof is a little bit of a red herring in the sense that the burden of proof is not just dependent upon the phraseology of the statute. It also has a lot to do with who's got the burden of the lease going forward. Plaintiffs don't have access to the corporate records and to the indicia of day-to-day control of labor relations that is the test that defendant would use to say that we haven't met our burden. So the idea, and nor do we have access, by the way, to the citizenship of the class. Most defendants have that access because they either, if it's a consumer case, they've dealt with the class, or if it's an employment case, they have W-2 forms indicating the last known address. The plaintiffs don't have the evidence, so we shouldn't be put in the position of going forward. Once the evidence is produced and therefore putting the burden, I should back up, therefore putting the burden at least of going forward on the defendant or the person seeking to remand makes logical sense to let them come up with the evidence to show that they in fact are, you know, the primary defendant is not the one who's the in-State defendant. We started by saying that we have, that we should do this separate from the structure of the statute. Well. But don't we have to actually, aren't we stuck with the statute? We're stuck with the statute. I was discussing this with my wife and trying to explain to her the difference between an exception and a negative condition. Did she have any good advice for us on that? She's an actuary, and she looked at me like I had come from Mars. Usually it's the other way around. The structure of the statute, I mean, think about it. It's a negative condition. You can do this, but you can't do that. So is it a condition or is it an exception? And it doesn't, it doesn't, it doesn't get you anywhere by classifying it one or the other unless you predetermine the outcome you want to obtain. In other words, you're reasoning backwards. It doesn't say. I know. I don't know. Maybe it's a good reason to create a conflict, get the Supremes to take it. It says must decline. It doesn't say shall decline or in its discretion will decline. It says basically you don't have jurisdiction. If you don't have jurisdiction, you never did. It says must decline. I'm reading because of the district court must decline jurisdiction. I don't know why it says shall decline. The district court shall decline original jurisdiction number four. District court shall decline, I'm sorry, to exercise jurisdiction. You just got done telling me that shall would be different than must, but it says shall. It's not may. Shall is must. It's not may. It's not that you have discretion. It's not that you have jurisdiction and you shall or you can not, you don't have to exercise it. It's you don't have jurisdiction. That's what shall decline. Actually, the sentence I have doesn't make grammatical sense anyway. It says district court shall decline to exercise jurisdiction under paragraph two, and then it skips to be two-thirds or more. I think it means over the class in which. But normally, if we didn't have this confounding statute to deal with and we were just in the regular world of jurisdiction, the Supreme Court has said that any exception to jurisdiction or what you might call a negative condition, that the, you know, that the burden for establishing that is the plaintiff. And why is this different? Because of the control of the evidence. Because of the control of the evidence. Because of the access to the facts. Because it's a defendant's burden to show that removal was proper to begin with, and because we're not looking for a, we're not coming forward with any evidence that is within our possession or control that would show somehow we fit within a peg or a square hole that we could escape from jurisdiction. We're saying they didn't make it initially. It's kind of like the well-pleaded complaint rule in certain arrested cases and all that, where you strip out the negative implications and you find that in a well-pleaded complaint, this is what they should have said and this is what they needed to prove, and therefore, they didn't do it. Well, do you agree, if you look at D-2, it says the district court shall have original jurisdiction, and then it lists a couple of things. Right. Is your case such that you fall within subsection 2, that the district court shall have original jurisdiction? Do you agree that you fall in there? Yes. Okay. So now, now, now, I'm just going to stop. Stop. This is something I want to kind of walk through. So you would say your case falls in subsection 2, the district court shall have original jurisdiction. Yes. And then you jump to 4, and it says the district court shall decline to exercise jurisdiction. And I'm saying it's your point that if it said may, it might shift the burden, but since it's a shall, that it's different. Yes. I'm reading that a district court shall decline as a provided that, and then I'm flipping the negative into a positive. In other words, if you rewrote the statute. Well, it doesn't make sense the way it is. The, the, the, the, the, the, the, the burden becomes, how can, if you, a shall decline jurisdiction means you don't have a jurisdiction. A may decline jurisdiction means you've got jurisdiction that's discretionary. If, if the rule is exceptions must be proven by the person who invokes them, then, then, then, then we point to the exception, and then we get the discovery of them to say, okay, let's prove it. If they have the burden of proving it, then they come forward with the evidence. I think when the day is done, it's going to boil out the same. It doesn't really matter whether we come forward with depositions, where they squirm around and try not to admit it, or they come forward with depositions or declarations and say, here's what the facts are. The bottom line is the facts are there is no day-to-day control or they would have mentioned it. And if there's no day-to-day control, then it doesn't matter who's got the burden of proof. It, it, there is no integrated relationship, or at least there's not enough of one to make them the primary defendant. See, I just want to ask you about this ease of access to proof. I know the. There is something intuitive that suggests if you're the plaintiff and you get to define who your class is in broad terms, that the plaintiff would have or should have some ability to determine the facts underlying this. Why is that not the case? Two reasons. The first is an example in the legislative history that talks about plaintiffs should not be allowed to define the class so it is an only in-state class. In other words, I couldn't allege a class that said all present residents of California. Correct. Okay. So it's got to be what they call a natural class, whatever that means. And the second reason, so therefore you can't rely on plaintiff's definition of the class to shape the complaint. And the second, you've got to do what's called a natural class. And the second reason is once plaintiff defines the class, the plaintiff defines the access to the names and telephone numbers and addresses of the class. We rely on discovery to get that. And, therefore, we don't know the citizenship of the class. We know, for example, that this is a California employer, and we know for sure that everyone except maybe a few of the border counties was a California resident, because otherwise the commute would be too long. But then we shift to them to say, okay, you've given us dollar-for-dollar information on what you expect the damages to be. They gave us all kinds of numbers on the removal petition on that. They gave us, you know, exact full-time equivalents and all those other good information. Wouldn't you think they would at least have a prima facie indication of how many people were out of state? Well, let me, so the practical issue you're presenting here seems to me to be one of discovery management rather than statutory interpretation. So in the sense of we often see cases where there's discovery with respect to basic jurisdiction before you get into this fancy stuff. So if you're correct that they have this information, or in many cases are more likely to have it than you would have it as a plaintiff's counsel, why wouldn't that simply come out in jurisdiction of discovery and then the burden would lie wherever the statute says it lies, but the discovery would elicit this information? Well, I suppose if we look at the burden of production as belonging to the person who's seeking remand, then they would come forward with it, period, and they would have their, they could put their best spin on it and their best foot forward, and then we would save a lot of, you know, we could save six months of, I have a very low opinion of some kinds of discovery. I hate to say it, but if they're 30 years of practice, I don't usually get a straight answer. But we would, they would give us what they had that looks best to them, and then the judge could make up his mind based on that. So I don't know if the burden of going forward and the burden of proof is really the same thing, but certainly the burden of going forward should belong to the person who has the body evidence. And then I go back to the fact that whether this is an exception. In terms of how these terms are generally used in civil procedure, you know of any instance where a statute provides a certain burden of proof, but the court has imposed a different burden of going forward? It seems to me in my experience that it has happened, but I can't recall a case that says that. And I can't quite divine it, but I'm, you know, I'm open to listening and understanding. Well, for example, even in a, sure. I mean, when you have documents in a wage case that have been destroyed and there's a recordkeeping requirement, the initial burden is upon the employee to give a, some estimate of how many hours he or she worked. The burden then shifts to the other side to give a rebuttal. But ultimately in that case, the plaintiff bears the burden of proof to establish his claim in that case as in every other case, correct? Yes, but the plaintiff's burden. So it's not a minimal burden, but there it's a minimal burden because it's from documents. Well, I suppose the minimum burden here is by simply saying we believe the class is, is, is, you know, less than one-third from out of State, and we think you're the, the primary defendant is, is, is the MCI. Okay. So that would. Can I just stop you there? Let's just say, let's say that we interpreted the statute not 100 percent in accord with what we'd like, but we said the burden of proof is on the plaintiff in the case of the exceptions, if we, if we characterize this as an exception. Wouldn't that then leave to the district court to figure out, well, what's the, what's the extent of the going forward burden versus when does it shift? Well, my, well, my problem with that is that there, there, there is a tendency to basically rough ride this into a, into the burden of proof equals you win, who wins and who loses. And it shouldn't be. But that's, but that's a question of people not really parsing the nuances of it rather than where you put the burden, isn't it? Well, you know, the burden of proof is, is, is preponderance of, of, of evidence. The burden of proof traditionally lies with the person who has control of the evidence. It's hard to say a plaintiff should have a burden when the other side has control. Let me ask you a different question. It would take a lot of questions. I mean, this is a confusing statute. Right. It seems I keep getting randomly drawn to look at this statute. So what is your view if, if we were to disagree with you on the burden of proof? Connect 180 says we should just decide the primary defendant and not have any kind of remand. Would you give us your position on that?  Obviously we need to remand because it, just because the burden of proof changes doesn't necessarily mean the district court's opinion is going to change. I don't think there's anything that's going to come out in discovery that's going to be anything any more favorable to, to 180 Connect. They had their chance. They had the going forward. I mean, if, if they can't prove that they're not, I'm sorry, if they can't prove with all their access and all their, all their, with friendly witnesses that they're not the plaintiff, I assume that they're going to be, if we just flip the burden, that we have a, we have a, we're going to have a different result. In fact, I would suspect that we're going to have the same result. And the reason is, is probably because the definition of primary defendant, at least in my mind, has something to do with when the dust settles and forgetting about the plaintiff, when you start pointing fingers, almost like indemnity, who's at fault? And the answer who's at fault is MCI because they're the employer. So when the dust all settles, it's like an indemnity claim. And, and, and, and you may be one big defendant, you know, defendant for the plaintiff's purposes, but amongst yourselves, defendants, who bears the substantial risk or the substantial liability? And that's the main actor, not the passive parent or the passive other subsidiary. And the, the, the, the primary defendant concept to me was designed to prevent nominal defendants, like managers who are named solely in an employment discrimination case to destroy diversity, or they use examples in the, in the, in the history of, of, of a bank on the border between California and Nevada. I think they changed it to Maryland and Virginia in earlier versions of it, where the, where the, where the, where the, where the primary defendant or man, or, or manufacturer of a ladder or something like that, where the primary defendant is the one who's at fault is the manufacturer, or is it the bank, or is the person who's doing the action, and not some agent who's just named in there who happens to sell the car and has nothing to do with it. So. Thank you. I think we have your point in mind. Okay. So that's. And we hope you succeed a little bit. Okay. I'm sorry. Thank you very much. No more questions. Thank you. Do you have some time left for rebuttal? Thank you. There are two points that really dovetail together based on what counsel says. He emphasizes that the defendants or opponents here have access to all this information. As set forth in both the Evans decision and the legislative history, the plaintiff knows who they're suing. They are in control of who they're suing. They are in control of who they are seeking all of this money from. They are in control of the content of their complaint. And in the 32-page opposition brief that was submitted here, you will not find one reference to the content of the complaint. Not one. The counsel here talks about agency liability and non-players. Well, under the labor codes at issue here, only the employer can be held liable. The diverse defendants here, 180 Connect and Ironwood, they can't be dismissed from this case because they have pleaded in such a sweeping and broad manner as to allege that those diverse defendants are the employers, that they engaged in the policies that are at issue here. So the question on remand is, why should my clients have to prove up or have a discovery hearing on the merit to the allegations that they're making and the non-diverse or, excuse me, the diverse defendants that they've targeted? That's never been the standard in a removal or diversity case under any circumstances. And it was inappropriate for the district court to dismiss those allegations in the complaint and to continually go back to my client and say, produce some more evidence that substantiates these allegations against your client. I'm prepared to address any other questions. It appears there's no further questions. Thank you both for your arguments this morning. The case of Serrano v. 180 Connect is submitted and we're adjourned.
judges: Wallace, Cudahy, McKeown